UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HASSAN MAHROUS, HAMED                           CIVIL ACTION
YOUSEF, AND MURAD MUBARAK,
on behalf of themselves and all others
similarly situated, ET AL

VERSUS                                          NO. 16-10141

LKM ENTERPRISES, LLC, LKM                       SECTION "R" (4)
CONVENIENCE, LLC AND LENNY
MOTWANI

## ORDER AND REASONS

Before the Court is plaintiffs Hassan Mahrous, Hamed Yousef, and

Murad Mubarak's motion to proceed as a collective action and facilitate

notice under 29 U.S.C. § 216(b).  For the following reasons, the Court grants

the motion.

## I.    BACKGROUND

Plaintiffs bring this action on behalf of themselves and a putative

class of similarly situated current and former employees against LKM

Enterprises, LLC; LKM Convenience, LLC; and Lenny Motwani ("LKM

Defendants").[1] Plaintiffs allege defendants willfully violated the Fair Labor Standards Act (FLSA).[2]

### A. Procedural Background

Plaintiffs raised the same FLSA claims in an earlier civil action, *Mejia v. Brothers Petroleum, LLC*, No. 12-2842 (E.D. La. filed Nov. 28, 2012).[3] The *Mejia* action was initially brought in November 2012 against a group of convenience stores operating under the name Brothers Food Mart, owned and operated by Imad Hamdan ("Hamdan Defendants").[4] In July 2014, Judge Helen Berrigan granted the plaintiffs' motion to proceed as a collective action in that case. *Mejia,* 2014 WL 3530362. On June 30, 2015, the plaintiffs filed a third amended complaint adding the LKM Defendants to the *Mejia* case.[5]

Imad Hamdan asked the court to stay the *Mejia* proceedings because of a criminal investigation into his alleged employment of undocumented workers at Brothers Food Mart.[6] In September 2014, Judge Berrigan

---

[1]     R. Doc. 1 at 1-2 ¶ 1.
[2]     *Id.* at 9 ¶ 43.
[3]     R. Doc. 15-1 at 4.
[4]     Complaint at 1-2*,* No. 12-2842, ECF No. 1.
[5]     Third Amended Complaint at 2-4, No. 12-2842, ECF No. 205.
[6]     Motion to Stay, No. 12-2842, ECF No. 88.

granted a partial stay of discovery as to undocumented workers in order to safeguard Hamdan's Fifth Amendment right against self-incrimination.[7] Judge Berrigan later recused herself and the case was transferred to this section of the court.[8] In September 2015, the Court converted the partial stay into a complete stay of the proceedings.[9]

The parties held a status conference with the Court on March 17, 2016.[10] At the status conference, the Court provided plaintiffs with the opportunity to move to sever their claims against the LKM Defendants from their claims against the Hamdan Defendants and file an amended complaint.[11] The Court directed the Clerk, if an amended complaint was filed, to assign a new case number to the amended complaint with a notation that the case is related to the *Mejia* litigation.[12] The Court granted the plaintiffs' motion to sever their claims against the LKM Defendants.[13] On June 14, 2016, the plaintiffs filed a collective action complaint against the LKM Defendants.[14]

---

[7]    Order on Motion to Stay, *Mejia,* No. 12-2842, ECF No. 107.
[8]    Order Re-Allotting Case, *Mejia,* No. 12-2842, ECF No. 114.
[9]    Order on Motion to Continue, *Mejia,* No. 12-2842, ECF No. 211.
[10]   R. Doc. 1-1 at 1.
[11]   *Id.* at 2.
[12]   *Id.*
[13]   Order on Motion to Sever, *Mejia,* No. 12-2842, ECF No. 236.
[14]   R. Doc. 1.

## B.  Factual Background

Defendants operate convenience stores in the greater New Orleans area.[15]  Plaintiffs and other members of the putative class are current and former non-exempt, hourly employees employed by the defendants as cooks, cashiers, or general store operators in their convenience stores.[16]  The named plaintiffs were employed by the defendants for various periods between 2010 and 2015.[17]

Plaintiffs allege that the defendants engaged in a deliberate and willful policy and practice of failing to pay non-exempt, hourly employees overtime pay as required under FLSA.[18]  According to the complaint, the named plaintiffs worked about 70-80 hours per week for the defendants but were not paid legally required overtime for hours worked in excess of 40 hours per week.[19]  Plaintiffs further assert that defendants unlawfully deducted required business expenses from their pay, failed to maintain proper time records as required by law, and failed to compensate plaintiffs for all hours worked.[20]  Plaintiffs seek payment of unpaid wages, liquidated damages,

---

15      *Id.* at 7 ¶ 30.
16      *Id.* at 2 ¶ 2.
17      *Id.* at 8 ¶ 34-36.
18      *Id.* at 1-2 ¶ 1.
19      *Id.* at 8 ¶ 38-39.
20      R. Doc. 1 at 10-11 ¶ 51-53.

statutory penalties, interest, costs, and attorney's fees.[21] They also ask that

defendants be enjoined from continuing their alleged unlawful policies.[22]

Plaintiffs now move to proceed as a collective action, asking the Court

to conditionally certify the collective under 29 U.S.C. § 216(b) and to

authorize notice to potential class members.[23]   The plaintiffs seek to

represent a class consisting of:

> All current and former non-exempt, hourly employees who
> have been employed by LKM Enterprises, LLC; LKM
> Convenience, LLC and Lenny Motwani d/b/a "Brothers Food
> Mart" and/or "Magnolia Express," or which were subsequently
> known as "Magnolia Express," in the State of Louisiana during
> the time period of November 28, 2009 through the present.[24]

Plaintiffs allege that members of this proposed class are similarly

situated because they all have similar job positions and requirements, are

subject to similar terms and conditions of employment, and are subject to

common policies and practices that deny them overtime pay and result in

unlawful deductions of the cost of required uniforms and nametags from

their wages.[25] Defendants do not oppose conditional certification but object

---

[21]     *Id* at 12.
[22]     *Id.*
[23]     R. Doc. 15 at 1-2.
[24]     *Id.* at 1.
[25]     R. Doc. 15-1 at 2-3.

to the plaintiffs' proposed definition of the class, the form and content of the

proposed notice, and aspects of the plaintiffs' request for information.[26]

## II. DISCUSSION

### A. Conditional Class Certification

Plaintiffs seek to bring this FLSA action on behalf of "themselves and

other employees similarly situated." 29 U.S.C. § 216(b). Potential class

members must affirmatively opt-in to participate in a § 216(b) collective

action. *Id.* The Fifth Circuit has not adopted a specific approach to determine

when employees are "similarly situated," but federal district courts

commonly apply the two-step *Lusardi* approach described in *Mooney v.*

*Aramco Services Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on*

*other grounds,* 539 U.S. 90 (2003). *See Esparza v. Kostmayer Construction,*

*LLC,* No. 15-4644, 2016 WL 3567060, at *2-3 (E.D. La. July 1, 2016); *Case v.*

*Danos & Curole Marine Contractors, LLC,* Nos. 14-2775, 14-2976, 2015 WL

1978653, at *4 (E.D. La. May 4, 2015); *White v. Integrated Elec.*

*Technologies, Inc.,* No. 11-2186, 2013 WL 2903070, at *3 (E.D. La. June 13,

---

[26] R. Doc. 16 at 2.

2013); *Williams v. Bally's Louisiana, Inc.*, No. 5-5020, 2006 WL 1235904, at *2 (E.D. La. May 5, 2006).

The first step of the *Lusardi* analysis is the "notice stage." *Mooney,* 54 F.3d at 1213. At this stage, the Court must determine whether to conditionally certify a class and allow notice to potential class members. *Id.* at 1213-14. Courts apply a "fairly lenient standard" that appears "to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214, 1214 n.8 (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

Plaintiffs meet the standard for conditional certification. They have submitted affidavits alleging that the named plaintiffs and other potential class members were subject to common unlawful practices and policies.[27] Defendants' practices allegedly included a refusal to pay overtime wages, a requirement that employees pay for uniforms and nametags out of their wages, a failure to pay the federal minimum wage as a result of unlawful deductions, and a failure to maintain proper timekeeping records.[28] Judge Berrigan applied the *Lusardi* standard to conditionally certify a class based

---

[27]    R. Doc. 15-1 at 12.
[28]    *Id.* at 12-13.

on the same allegations.[29] *Mejia*, 2014 WL 3530362, at *2-3. Defendants

acknowledge that plaintiffs' burden at this stage is "lenient" and do not

oppose conditional certification, although they reserve the right to move for

decertification at a later point.[30]

The parties dispute the appropriate time period for the class. Plaintiffs

propose that the conditionally certified class include all current and former

non-exempt, hourly employees employed by the defendants in Louisiana

since November 28, 2009.[31] This proposed time period extends three years

before the date of the original complaint in *Mejia*.[32] Alternatively, plaintiffs

suggest a time period beginning three years before the filing of the third

amended complaint on June 30, 2015.[33] The third amended complaint

added the LKM Defendants to the *Mejia* matter.[34] Defendants assert that

Plaintiffs' class definition is overbroad and ask that the class be limited to

employees who worked for defendants within three years of the date of this

order.[35]

---

[29]    *Id.* at 7, R. Doc. 16 at 2.
[30]    R. Doc. 16 at 2.
[31]    R. Doc. 15 at 1.
[32]    R. Doc. 19 at 3.
[33]    *Id.* at 4.
[34]    *Id.*
[35]    R. Doc. 16 at 4-5.

The statute of limitations to bring wage claims under FLSA is two years, or three years in the case of willful violations. 29 U.S.C. § 255. In FLSA collective actions, the statute of limitations continues to run as to individual claims until a putative class member files a written consent to join the action. 29 U.S.C. § 256. Defendants thus argue that plaintiffs' proposed class would include untimely claims.[36]

At the conditional class certification stage, "courts have not been consistent in whether the [class] time period runs relative to the date of the complaint or relative to the date of the court's order conditionally certifying the matter as a collective action." *White*, 2013 WL 2903070, at \*10. Courts in this District have ordered that FLSA collective action notices include all persons employed up to three years before the date of the complaint. *See Case,* 2015 WL 1978653, at \*7; *Mejia,* 2014 WL 3530362; *White,* 2013 WL 2903070, at \*10; *but see Wellman v. Grand Isle Shipyard, Inc.*, No. 14-831, 2014 WL 5810529 at \*5 (E.D. La. Nov. 7, 2014) (declining to use date of complaint to determine notice period where claims would be barred by statute of limitations); *Camp v. The Progressive Corp.*, No. 01-2680, 2002 WL 31496661 at \*6, \*6 n.6 (E.D. La. Nov. 8, 2002) (same).

---

[36]     R. Doc. 16 at 5.

This case differs from most FLSA conditional certification cases because of its complex procedural history. This matter presents unresolved issues regarding the statute of limitations and possible tolling that the Court need not address at time. Defendants will have the opportunity at the appropriate time to challenge the timeliness of any claims brought by putative plaintiffs who wish to opt-in to the litigation.

The Court defines the class period as beginning on June 30, 2012, three years before the filing of the third amended complaint adding the LKM Defendants. Although plaintiffs argue that the third amended complaint relates back to the date of the original complaint, they do not explain how this would affect the statute of limitations for potential opt-in plaintiffs.[37] The Court thus finds that the appropriate reference point to define the class is the date a complaint was filed against the LKM Defendants, who are the subject of the conditional certification motion.

## B. Form of Notice and Consent Forms

Defendants contest several aspects of the plaintiffs' proposed notice to putative class members, including the notice's description of defendants' position and language that defendants claim constitutes improper

---

[37]     R. Doc. 19 at 3-4.

solicitation.[38]  Defendants also request that the notice be modified to inform potential class members that neither parties nor their counsel may communicate with potential plaintiffs during the opt-in period unless the potential plaintiff initiates communication.[39]

Defendants request that counsel be ordered to meet and confer over the draft notice.[40]  Plaintiffs do not oppose this request but ask that the Court set a deadline of 15 days from this order for the parties to meet and confer and submit their agreed-upon notice.[41]

The parties are directed to meet and confer within 15 days regarding the form of the notice and consent forms.  The parties are further directed to submit a joint proposed notice and consent form within 21 days of this order.  If the parties are unable to agree, each party shall submit their proposed notice and consent forms, along with their objections to the opposing party's notice and consent forms, to the Court within 21 days of this order.

---

[38]    R. Doc. 16 at 3.
[39]    *Id.* at 9.
[40]    *Id.* at 3.
[41]    R. Doc. 19 at 8.

## C. Production of Contact Information

Plaintiffs ask that the Court order defendants to produce, within 14 days, a computer-readable database that includes the names of all potential members of the class, along with their last known mailing address, email address, telephone number, and social security number.[42]

Defendants oppose the production of social security numbers on privacy and security grounds.[43] Plaintiffs have agreed to defer their request for social security numbers until it becomes clear such information is necessary to locate putative class members.[44] Therefore, the Court need not consider the production of social security numbers at this time.

Defendants also oppose the production of telephone numbers.[45] They argue that telephone numbers are unnecessary for notice and could increase the risk of improper communications.[46] In response, plaintiffs contend that text messages are the best form of notice because putative class members may have changed addresses during the pendency of this litigation.[47] Multiple courts in this District have ordered the production of

---

[42]    R. Doc. 15-1 at 15.
[43]    R. Doc. 16 at 6.
[44]    R. Doc. 19 at 7.
[45]    R. Doc. 16 at 7.
[46]    *Id.*
[47]    R. Doc. 19 at 5.

telephone numbers in similar cases. *See Jones v. Yale Enf't Servs., Inc.*, No.
14-2831, 2015 WL 3936135, at *3 (E.D. La. June 26, 2015); *Case*, 2015 WL
1978653, at *8; *White*, 2013 WL 2903070 at *11. Access to telephone
numbers will facilitate notice, and the Court orders defendants to produce
them.

Defendants further argue that the proposed time period for
production is too short and request 30 days rather than 14 days.[48]  Plaintiffs
do not oppose this request.[49]  The Court orders that the names and contact
information of potential opt-in plaintiffs be produced within 30 days of the
date of this order.

### D.    Length of Opt-in Period

The parties disagree on the length of time potential class members
should have to opt-in to the collective action.  Plaintiffs propose that
putative plaintiffs return signed consent forms to plaintiffs' counsel no later
than 120 days after the notice and consent forms are mailed.[50]  Defendants
argue that this period is too long and request an opt-in period of 45 days

---

[48]    R. Doc. 16 at 7.
[49]    R. Doc. 19 at 8.
[50]    R. Doc. 15-1 at 16.

from the date the Court approves the notice.[51]  In reply, plaintiffs contend

that a 120 day opt-in period is necessary because the contact information in

defendants' possession is likely to be outdated and some putative plaintiffs

may be difficult to locate.[52]  Both parties cite district court opinions in

support of their proposed time periods, though defendants cite multiple

cases that provided a 60 day opt-in period.[53]

The Court acknowledges that plaintiffs may face additional difficulties

in contacting potential class members as a result of the passage of time

since the third amended complaint was filed, but finds that an opt-in period

of 90 days from the date the Court approves notice is sufficient. *See*

*Baricuatro v. Indus. Pers. & Mgmt Servs., Inc.*, No. 11-2777, 2012 WL

5986467, at *2 (E.D. La. Nov. 29, 2012).


## III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiffs' motion to

conditionally certify this matter as a collective action is GRANTED. The

Court conditionally certifies this matter as a collective action including all

---

[51]    R. Doc. 16 at 9.
[52]    R. Doc. 19 at 6.
[53]    R. Doc. 16 at 8; R. Doc. 19 at 7.

current and former non-exempt, hourly employees who have been employed by LKM Enterprises, LLC; LKM Convenience, LLC and Lenny Motwani d/b/a "Brothers Food Mart" and/or "Magnolia Express," or which were subsequently known as "Magnolia Express," in the State of Louisiana during the time period of June 30, 2012 through the present.

IT IS FURTHER ORDERED that the parties meet and confer in good faith regarding the notice and consent forms that will be distributed to class members within 15 days of the entry of this order. The parties shall submit a joint proposed notice and consent form to the Court within 21 days of the entry of this order. If the parties are unable to agree, the parties shall each submit to the Court within 21 days of this order: (1) their proposed notice and consent forms and (2) their objections, with supporting authority, to the opposing party's notice and consent forms.

IT IS FURTHER ORDERED that defendants shall have 30 days from the date of this order to provide plaintiffs with a computer-readable database containing all potential opt-in plaintiffs' names, last known mailing addresses, telephone numbers, and email addresses. If there is any dispute or uncertainty regarding whether an individual is a potential opt-in plaintiff, the defendants shall produce the individual's information.

IT IS FURTHER ORDERED that potential class members may opt in to this collective action if they provide their consent forms to plaintiffs' counsel no later than 90 days from the date the Court approves notice. Plaintiff's counsel shall file consent forms with the Court on an ongoing basis and no later than two weeks after the end of the 90-day period.

New Orleans, Louisiana, this __26th__ day of June, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE